Jeffrey R. Krinsk, Esq. (SBN 109234)
jrk@classactionlaw.com
Mark L. Knutson, Esq. (SBN 131770)
mlk@classactionlaw.com
FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
San Diego, California 92101-3579
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

Jason J. Thompson (*pro hac vice* pending)
jthompson@sommerspc.com
Jesse L. Young (*pro hac vice* pending)
jyoung@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300

Counsel for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

BARBARA BARRON, R.N.,
individually and on behalf of all
similarly situated individuals,

Plaintiffs,

v.

MAXIM HEALTHCARE SERVICES,
INC., a Maryland corporation,

Defendant.

Case No.: **'14 CV 1970 BAS WVG**

**COLLECTIVE AND CLASS ACTION
COMPLAINT AND JURY DEMAND**

1. UNPAID OVERTIME (FLSA)
2. UNPAID WAGES AND
   OVERTIME (*Lab. Code §§ 510 and
   1198*)
3. UNLAWFUL DEDUCTIONS
   FROM WAGES (*Lab. Code §§ 221
   and 223*)
4. FAILURE TO PROVIDE MEAL
   PERIODS (*Lab. Code §226.7 and
   512*)
5. FAILURE TO PROVIDE REST
   PERIODS (*Lab. Code §226.7*)
6. FAILURE TO PAY WAGES (*Lab.
   Code §204*)
7. FAILURE TO REIMBURSE
   BUSINESS EXPENSES (*Lab. Code
   §2802*)

1

8. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS AND MAINTAIN WAGE RECORDS *(Lab. Code § 226 and 1174)*

9. UNLAWFUL BUSINESS PRACTICES *(Bus. & Prof. Code §17200 et seq.)*

Plaintiff, Barbara Barron, by and through her undersigned attorneys, hereby brings this Collective and Class Action Complaint against Defendant, Maxim Healthcare Services, Inc., and states as follows:

## INTRODUCTION

1. This is a class action brought for violations of the Fair Labor Standards Act of 1938, 29 U.S.C.§ 201, *et seq.* ("FLSA"); California Labor Code ("Labor Code"); the California Industrial Welfare Commission Wage Order No. 4; and the California Business & Professional Code section 17200, *et seq.*, as a nationwide FLSA § 216(b) collective action and California state-wide class action pursuant to Fed. R. Civ. P. 23(b)(3).

2. Defendant employed Plaintiff Barbara Barron ("Plaintiff") as a non-salaried Registered Nurse ("RN") without proper payment of wages and overtime compensation.

3. The individuals Plaintiff seeks to represent in this action are current and former non-salaried RNs who are similarly situated to herself in terms of Defendant's failure to properly compensate them as required under federal and state law.

4. RNs are not considered exempt professionals. As stated in U.S. Department of Labor, Wage and Hour Division, Fact Sheet #17N: "Registered nurses who are paid on an hourly basis should receive overtime pay." In any event, these employees are not paid on a fee or salaried basis as required to be exempt from overtime as professionals. See 29 C.F.R. § 541.300(a)(1); § 541.605. See also California Wage

Order 4-2001, §1(A)(3)(f).

5.     Defendant knew of its obligations to pay its RNs hourly for all hours worked plus premium pay for overtime hours worked. However, Defendant willfully and deceptively failed to pay its RNs for all hours worked at the correct hourly rate by way of the following acts: (a) making lump sum deductions to its RNs' paychecks to recover overtime premiums earned by the employee; (b) by paying RNs providing the same services at two or more hourly rates, depending on whether they worked overtime and how much overtime they worked; (c) reducing RNs' hourly rates of pay on regularly scheduled home healthcare assignments in amounts that rendered their weekly earnings equal to the amount of wages that would have been earned by the RNs had they been compensated for all hours worked at straight-time rates only, thereby avoiding paying overtime to the employee while issuing paystubs making it appear to the RNs and the state of California that overtime wages were being paid; (d) promising RNs the assignment of additional hours on the condition that they sign an overtime waiver and agree to a reduction in their hourly rate of pay; (e) failing to pay RNs for time spent traveling to and from out-of-town temporary assignments and relocating for such assignments, and hours spent traveling to and from agency offices to attend to work-related matters, complete paperwork, and attend meetings or training sessions; (f) failing to pay premium compensation for missed meal and rest periods; and (g) failing to reimburse RNs for job-related expenses.

6.     Plaintiff contends that Defendant violated California law by knowingly suffering or permitting Plaintiff and the putative Class members to work in excess of eight (8) hours per day, twelve (12) hours per day, and/or forty (40) hours per workweek (the "Permissible Hours") without paying overtime compensation.

7.     Plaintiff seeks a declaration that her rights, and the rights of the putative Class, were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, and award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers

1    will not be subjected by Defendant to such illegal conduct in the future.

2                              **JURISDICTION AND VENUE**

3        8.     This Court has subject matter jurisdiction over this action pursuant to
4    the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because at least one
5    Class member is of diverse citizenship from the Defendant, there are more than 100
6    Class members, and the aggregate amount in controversy exceeds $5,000,000,
7    exclusive of interest or costs.

8        9.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim
9    pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be
10   maintained against any employer … in any Federal or State court of competent
11   jurisdiction."

12       10.    This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28
13   U.S.C. §1331 because Plaintiff's claims arise under the FLSA and also pursuant to 28
14   U.S.C. §1332(a)(1), because the matter in controversy in this action exceeds $75,000,
15   exclusive of interest and costs, and because the parties are residents of different
16   states.

17       11.    This Court has supplemental jurisdiction over Plaintiff's state law
18   claims pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set
19   of operative facts and is so related to the claims within this Court's original
20   jurisdiction that they form a part of the same case or controversy.

21       12.    This Court has personal jurisdiction over Defendant because Defendant
22   conducts business in this State, has systematic and continuous ties with this state, and
23   has agents and representatives that can be found in this state.  Thus, Defendant has
24   sufficient minimum contacts with or otherwise purposefully avail itself of the markets
25   in the State of California, or otherwise has sufficient contacts with this District to
26   justify them being fairly brought into court in this District.

27       13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d)
28   because Plaintiff and at least some of the putative Class members worked and were

                                              4

1  paid in this District and the obligations, liabilities, and breaches complained of herein

2  arose or occurred in this District.  Defendant owns, operates, and/or maintain offices,

3  transacts business, has an agent or agents within the District, or otherwise is found

4  within the District. Defendant is within the jurisdiction of this Court for purpose of

5  service of process.

6  **PARTIES**

7  14.  Plaintiff, Barbara Barron, is an individual who resides in Spring Valley,

8  California.  Plaintiff worked for Defendant in California as an RN from November

9  2009 through the present.  Plaintiff is currently on inactive status and believes she was

10  last on an active assignment for Defendant in October 2011.  She has executed her

11  consent form, which is attached hereto as *Exhibit A*.

12  15.  Plaintiff, and those similarly situated (hereinafter "Plaintiffs"), are

13  current and/or former non-salaried RNs who were employed by Defendant to provide

14  services including but not limited to in-home patient care, health care services to

15  government facilities, and travel nurse services throughout California.

16  16.  Defendant, Maxim Healthcare Services, Inc., is a Maryland corporation

17  which, through hundreds of office locations nationwide, provides in-home personal

18  care, management and/or treatment of a variety of conditions by medical assistants,

19  nurses, therapists, medical social workers, and home health aides.  *See*

20  http://www.maximhealthcare.com/services/.

21  17.  On its website, Maxim holds itself out as "committed to the highest

22  standards of ethics and integrity and has an ongoing commitment that business is

23  conducted in accordance with applicable laws, standards, and sound ethical business

24  practices." *See* http://www.maximhealthcare.com/about-us/.

25  18.  Maxim is registered to do business in California, has over 60 office

26  locations throughout California, and can be served through its statutory agent,

27  Corporation Service Company, located at 2710 Gateway Oaks Dr., Suite 150N,

28  Sacramento, California 95833.

19.   Plaintiff is informed and believes, and alleges thereon, that Defendant is responsible for the circumstances alleged herein, and proximately caused Plaintiff and similarly situated members of the general public and Class, to be subject to the fraudulent, unlawful, unfair, and deceptive acts and practices complained of herein.

20.   At all times herein mentioned, Defendant approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein.

21.   At all times herein mentioned, Defendant's acts and omissions proximately caused the complaints, injuries and damages alleged herein.

## GENERAL ALLEGATIONS

22.   Maxim's home healthcare division provides RN services to its patients.

23.   Their job duties included taking and recording patients' vital signs, administering medication, administering injections, administering feeding tubes, and performing other miscellaneous duties as directed by their supervisors and managers.

24.   All of Defendant's non-salaried RNs operate under managerial control exercised by Defendant's corporate headquarters and regional corporate offices. There are no material deviations in job duties or descriptions for Class members from location to location.

25.   Plaintiff, throughout the course of her employment, was directed by Defendant to work in excess of the Permissible Hours.

26.   Plaintiff, throughout the course of her employment, was directed by Defendant to work in excess of forty (40) hours per week.

27.   At all times material to this Complaint, Defendant paid Plaintiff her straight hourly rate or all hours worked and *withheld* wages at one-and-one-half times that hourly rate when she worked more than forty (40) hours per week.

28.   In reckless disregard of the protections of the FLSA and California law afford Plaintiff and the putative Class, Defendant adopted and then adhered to a policy and plan of refusing to properly pay wages and overtime.

29.   In addition, Defendant occasionally required Plaintiff to work "off the

clock" without pay. For instance, although Plaintiff would be scheduled to work until 7:00 am, she would often have to care for the patient until 7:30 am or 8:00 am for either the patient's relatives or next scheduled caregiver to relieve Plaintiff.

**COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff brings this action pursuant to the 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of all similarly situated current and former employees of Defendant who are or were employed to provide services to its clients at any time in the last three years. Plaintiff proposes the following class definition:

> ***All non-salaried RNs who work or have worked for Maxim Healthcare Services, Inc. who worked over the permissible amount of hours per day and/or week at any time in the past three years.***

Plaintiff reserves the right to amend the putative Class definition as necessary.

31. Plaintiff does not bring this action on behalf of any executive, administrative, or professional employees exempt from coverage under the FLSA.

32. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the employees described are "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same legal theory.

33. Plaintiff estimates that the collective class, including both current and former employees over the relevant period, will include at least several hundred members. The precise number of collective class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

34. The employment relationship between Defendant and individuals similarly situated to Plaintiff differed primarily in only name, location, amount of

7

1  compensation, hours worked, and category of services provided.

2      35.    Plaintiff shares the same interests as the putative Class and will be

3  entitled under the FLSA to unpaid wages and overtime compensation, attorneys'

4  fees, and costs owed by Defendant under nearly identical factual and legal standards

5  as the remainder of the putative Class.

6                      **CLASS ACTION ALLEGATIONS**

7      36.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on her

8  own behalf and on behalf of all similarly situated current and former employees of

9  Defendant who are or were employed to provide services to its clients at any time in

10  the last four years.  Plaintiff proposes the following class definition:

11  ***All non-salaried RNs who work or have worked for Maxim
    Healthcare Services, Inc. who worked over the permissible amount***
12  ***of hours per day and/or week at any time in the past four years.***

13  Plaintiff reserves the right to amend the putative class definition as necessary

14      37.    Plaintiff shares the same interests as the putative class and will be

15  entitled under the Labor Code to unpaid overtime compensation, attorneys' fees, and

16  costs and lost interest owed to them under nearly identical factual and legal standards

17  as the remainder of the putative class

18      38.    The putative Class meets the numerosity requirement of Rule 23(a)(1)

19  because, during the relevant period, Defendant employed hundreds, if not thousands,

20  of people in over 60 locations throughout California—many of whom are RNs—and

21  many more through the United States.  The Class members are so numerous that

22  joinder of all such persons is impracticable and that the disposition of their claims in

23  a class action rather than in individual actions will benefit the parties and the Court.

24  The precise number of Class members should be readily available from a review of

25  Defendant's personnel, scheduling, time, and payroll records, and from input

26  received from the putative Class members.

27      39.    The putative class meets the commonality requirement of Rule 23(a)(2)

28  because, during the relevant period, Defendant engaged in a common course of

conduct that violated the legal rights of Plaintiff and the Class.  Individual questions that Plaintiff's claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

a. Whether Defendant engaged in a policy or practice of failing to pay each Class member straight time wages for each non-overtime hour worked.

b. Whether Defendant engaged in a policy or practice of failing to pay each Class member overtime compensation for each overtime hour worked;

c. Whether Defendant violated Labor Code sections 221 and 223 by making unlawful deductions to Class members' wages;

d. Whether Defendant failed to provide each Class member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Employment Law and Regulations;

e. Whether Defendant failed to provide each Class member with 10 minutes net rest time for every 4 hours of work, or major fraction thereof, as required by California law;

f. Whether Defendant violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or who was discharged;

g. Whether Defendant violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

h. Whether Defendant violated section 2802 of the Labor Code by failing to reimburse Plaintiff and the putative Class for their mileage expenses;

i. Whether Defendant was unjustly enriched by the work and services performed by Class members without compensation;

j. Whether Defendant made misrepresentations regarding Medi-Cal, Medicare and other third party reimbursement rates thereby inducing Class members to agree to reductions in their contractual rates of pay and remain in Defendant's employ;

k. Whether Defendant engaged in unfair business practices in violation of Business and Professions Code section 17200 *et seq.*; and

l. Whether Defendant should be required to pay compensatory

9

damages, attorneys' fees, and costs and interest for violating California state law.

40.   The status of all individuals similarly situated to Plaintiff raises an identical legal question: whether Defendant's non-salaried RNs are entitled to back wages, including overtime.

41.   The putative Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the putative Class members were all employed by Defendant and performed their job duties without receiving wages, including overtime wages, owed for that work.

42.   The Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the putative Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiff and the putative Class members.

43.   The putative Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to those listed in paragraph 30, above.

44.   The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly-situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

45.   Given the material similarity of the Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct

1 would cause unavoidable delay, a significant duplication of efforts, and an extreme

2 waste of resources.  Alternatively, proceeding by way of a class action would permit

3 the efficient supervision of the putative Class's claims, create significant economies

4 of scale for the Court and the parties and result in a binding, uniform adjudication on

5 all issues.

**COUNT I**

**VIOLATION OF FLSA – FAILURE TO PAY OVERTIME WAGES**

8      46.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

9      47.    At all times relevant to this action, Defendant was an "employer" under

10 the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq.*

11      48.    Defendant is engaged in interstate commerce or in the production of

12 goods for commerce, as defined by the FLSA.

13      49.    At all times relevant to this action, Plaintiff and the putative Class

14 members were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C.

15 § 203(e)(1).

16      50.    Plaintiff and the putative Class members either (1) engaged in

17 commerce; or (2) engaged in the production of goods for commerce; or (3) employed

18 in an enterprise engaged in commerce or in the production of goods for commerce.

19      51.    Non-salaried RNs are not exempt from the FLSA.

20      52.    At all times relevant to this action, Defendant "suffered or permitted"

21 Plaintiff and the putative Class members to work and thus "employed" them within

22 the meaning of the FLSA, 29 U.S.C. § 203(g).

23      53.    The FLSA requires an employer to pay employees the federally

24 mandated overtime premium rate of one and a half times their regular rate of pay for

25 every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

26      54.    Defendant violated the FLSA by failing to pay Plaintiffs the federally

27 mandated overtime premium for all hours worked in excess of forty (40) hours per

28 workweek.

55.    Upon information and belief, Defendant has corporate policies of evading overtime pay for its hourly workers.

56.    By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).  All similarly situated employees are victims of a uniform and company-wide enterprise which operates to compensate employees at a rate less than the federally mandated overtime wage rate.  This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendant in the same or similar position as Plaintiff.

57.    The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## COUNT II

## VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1198

## FAILURE TO PAY OVERTIME

58.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

59.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

60.    At all relevant times, Plaintiff and the Class regularly performed non-exempt work and were thus subject to the overtime requirements of California law.

61.    Labor Code §§ 510 and 1198 and IWC Wage Order No. 4 § 3(A) provide that: (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a

workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

62.   At all relevant times, Plaintiff and the Class consistently worked in excess of eight (8) hours in a workday, in excess of forty (40) hours in a work week, in excess of twelve (12) hours in a workday, and/or for seven (7) consecutive days in a workweek.

63.   At all relevant times, Plaintiff and the Class recorded their actual hours worked and submitted them to Defendant for the purposes of calculating wages due to Plaintiff and the Class. However, if the actual hours recorded exceeded the scheduled shift, Defendant failed and refused to pay Plaintiff and the Class members for any and all hours actually worked in excess of the scheduled shift. Travel time between clients during the same day was compensable but not recorded, and therefore not paid.

64.   Defendant further made lump sum deductions to the Class members' paychecks to recover overtime premiums earned by the employee during the pay period, and reduced employees' hourly rates of pay on regularly scheduled home healthcare assignments so a blended rate as to avoid paying overtime.

65.   Defendant intentionally, maliciously, fraudulently and with the intent to deprive the Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiff and other Class members who worked overtime hours and/or taking lump-sum deductions from their regular paychecks so as to withhold overtime premiums for hours worked.

66.   Plaintiff and the Class were entitled to receive overtime compensation at their lawful regular rate of pay. Defendant's failure to pay lawful premium overtime

1  wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and

2  IWC Wage Order No. 4.

3    67.   Wherefore, Plaintiff demands payment of the unpaid balance of the full

4  amount of wages due for unpaid time worked, as well as overtime premiums owing,

5  including interest thereon, penalties, reasonable attorneys' fees, and costs of suit

6  pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay

7  for all time worked and such premium compensation, as is required under California

8  law.

9                      **COUNT III**

10  **VIOLATION OF CALIFORNIA LABOR CODE §§ 221 and 223**

11              **UNLAWFUL DEDUCTIONS**

12    68.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

13    69.   At all relevant times, Defendant regularly and consistently maintained

14  corporate policies and procedures designed to reduce labor costs by reducing or

15  minimizing the amount of compensation paid to its employees, especially overtime

16  compensation.

17    70.   At the end of a payroll period, Defendant made lump sum deductions

18  from Plaintiffs' and the Class members' paychecks in the amount of the overtime

19  premiums earned by the employee during the pay period so as to avoid paying

20  overtime compensation.

21    71.   Labor Code § 221 provides it is unlawful for any employer to collect or

22  receive from an employee any part of wages theretofore paid by employer to

23  employee.

24    72.   Labor Code § 223 provides that where any statute or contract requires

25  an employer to maintain the designated wage scale, it shall be unlawful to secretly

26  pay a lower wage while purporting to pay the wage designated by statute or by

27  contract. Labor Code section 225 further provides that the violation of any provision

28  of Labor Code §§ 221 and 223 is a misdemeanor.

73.     As a result of the conduct alleged above, Defendant has unlawfully collected or received from Plaintiffs and the Class part of the wages paid to their employees.

74.     Wherefore, Plaintiff demands the return of all wages unlawfully deducted from the paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 225.5 and 1194.

**COUNT IV**

**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512**

**FAILURE TO PROVIDE MEAL BREAKS**

75.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

76.     Labor Code § 512, and IWC Wage Order No. 7 § 11(A) and (B) provide that an employer may not employ a person for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes. Labor Code § 226.7 and IWC Wage Order No. 7 § 11(D) require that Defendant pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that a meal break was not provided.

77.     At all relevant times, Plaintiff and the Class consistently worked in excess of five (5) or ten (10) hours in a day.

78.     At all relevant times, Defendant regularly required employees to work through their first and second meal periods without proper compensation. Defendant's practice of requiring employees to work through their legally mandated meal periods without premium compensation is a violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No. 7.

79.     Defendant purposefully elected not to provide meal periods to Plaintiffs and Class members, and Defendant acted willfully, oppressively, and in conscious disregard of the rights of Plaintiffs and the Class members in failing to do so.

80.    Plaintiff is informed and believes Defendant did not properly maintain records pertaining to when Plaintiffs and the Class members began and ended each meal period, in violation of Labor Code §1174 and IWC Wage Order No. 7 § 7(A).

81.    As a result of Defendant's knowing, willful, and intentional failure to provide meal breaks, Plaintiff and the Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal period was not provided, pursuant to Labor Code § 226.7 and 1WC Wage Order No. 7 § 11(D), and penalties, reasonable attorneys' fees, and costs pursuant to Labor Code §§ 218.5.

82.    Defendant's wrongful and illegal conduct in failing to provide Class members with meal breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiff and the Class members in that Defendant will continue to violate these laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiff and the Class members have no other adequate remedy at law to insure future compliance with the laws alleged herein to have been violated.

83.    Wherefore, Plaintiff demands pursuant to Labor Code Section 227.7(b) that Defendant pay each Class member one additional hour of pay at the Class member's regular rate of compensation for each work day that the meal or rest period was not provided.

### COUNT V
### VIOLATION OF CALIFORNIA LABOR CODE § 226.7
### DENIAL OF LAWFUL REST BREAKS

84.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

85.    Labor Code § 226.7 and IWC Wage Order No. 7 § 12(A) and (B) provide that an employer shall authorize and permit employees to take a ten (10)

minute rest period for every four (4) hours worked or major fraction thereof, and that Defendant must pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided.

86.   Plaintiff and other Class members consistently worked in excess of three and one half (3.5) hours per day.

87.   At all relevant times, Defendant regularly required employees to work through their rest periods without proper compensation.

88.   Defendant's practice of requiring employees to work through their legally mandated rest periods without premium compensation is a violation of Labor Code §§ 226.7 and IWC Wage Order No. 7.

89.   Plaintiff is informed and believes that Defendant purposefully elected not to provide rest periods to Plaintiff and the Class and willfully failed to pay employees the premium compensation to which they are entitled under Labor Code § 226.7 and IWC Wage Order No. 7 § 12(B), and that Defendant acted willfully, oppressively, and in conscious disregard of the rights of Plaintiff and the Class members in doing so.

90.   As a result of Defendant knowing, willful, and intentional failure to provide rest breaks as described herein, Plaintiff and the Class are entitled to recover the unpaid balance of the premium compensation owed pursuant to Labor Code § 226.7 and IWC Wage Order No. 7 § 12(B), including penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code § 218.5.

91.   Defendant's wrongful and illegal conduct in failing provide Class members with the opportunity to take rest breaks or to provide premium compensation in accordance with Labor Code §§ 226.7 and IWC Wage Order No. 7, unless and until enjoined by order of this Court, will cause great and irreparable injury to Plaintiff and all Class members in that the Defendant will continue to violate these laws, unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to

repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

92.     Wherefore, Plaintiff demands pursuant to Labor Code Section 227.7(b) that Defendant pay each Class member one additional hour of pay at the Class member's regular rate of compensation for each work day that the meal or rest period was not provided.

**COUNT VI**

**VIOLATION OF CALIFORNIA LABOR CODE § 204**

**FAILURE TO PAY WAGES**

93.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

94.     Labor Code § 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

95.     Labor Code § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

96.     Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

97.     During the relevant time period, Defendant willfully failed to pay Plaintiff and the Class members the regular and overtime wages due to them, within any time period permissible by Labor Code § 204.

98.     Labor Code Section 210 provides that, in addition to, and entirely

independent from, any other penalty provided by law, every person who fails to pay the wages of each employee are provided in Labor Code Section 204, shall be as follows: (1) for any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

### COUNT VII

### VIOLATION OF LABOR CODE § 2802

### FAILURE TO PAY REIMBURSE BUSINESS EXPENSES

99.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

100. Labor Code § 2802 provides that an employer must reimburse employees for all necessary expenditures.

101. Plaintiff and other aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, including and without limitation, costs incurred in traveling to and from temporary out-of-town assignments and relocating in connection with such assignments, and costs for CPR and other training. Defendant had, and continues to have, a policy and practice of requiring employees, including Plaintiff and putative Class members, to pay for purchase and maintenance of shoes and other required clothing out of their own funds. Defendant had, and continues to have, a policy of not reimbursing employees, including Plaintiff and aggrieved employees, for said business-related expenses and costs.

102. Defendant has intentionally and willfully failed to fully reimburse Plaintiff and other aggrieved employees for necessary business-related expenses and costs.

103. Defendant's conduct violates Labor Code § 2802.

### COUNT IX

### VIOLATION OF CALIFORNIA LABOR CODE § 226

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

1    104.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

2    105.   Labor Code § 226 provides that every employer shall, semi-monthly or

3    at the time of payment of wages, furnish each employee, either as a detachable part

4    of the check or separately, an accurate, itemized statement in writing showing gross

5    wages earned, total hours worked, and the applicable hourly rates and corresponding

6    number of hours worked.

7    106.   At all relevant times, Defendant failed to furnish Plaintiff and the Class

8    members, either semi-monthly or at the time of each payment of wages, an accurate,

9    itemized statement conforming to the requirements of Labor Code § 226.

10   107.  Plaintiff is informed and believes that Defendant knew or should have

11   known that Plaintiff and the Class members were entitled to receive wage statements

12   compliant with Labor Code § 226, and that Defendant willfully and intentionally

13   failed to provide Plaintiff and the Class members with such accurate, itemized

14   statements.

15   108.  Wherefore Plaintiff demands that Defendant pay each and every Class

16   member fifty dollars ($50.00) for the initial pay period in which the violation

17   occurred and one hundred dollars ($100) for each subsequent violation, up to a

18   maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as

19   well as reasonable attorneys' fees and costs.

20   ## COUNT X

21   ## VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq.*

22   109.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

23   110.  Defendant engaged and continue to engage in unfair business practices

24   in California by practicing, employing and utilizing the unlawful practices described

25   above, including (a) paying RNs providing the same services at two or more hourly

26   rates, depending on whether they worked overtime and how much overtime they

27   worked; (b) reducing RNs' hourly rates of pay on regularly scheduled home

28   healthcare assignments in amounts that rendered their weekly earnings equal to the

amount of wages that would have been earned by the employee had they been compensated for all hours worked at straight-time rates only, thereby avoiding paying overtime to the employee while issuing fabricated paystubs making it appear to the employees and the state of California that overtime wages were being paid; (c) making lump sums deductions to RNs' paychecks to recover overtime premiums earned by the employee; (d) requiring that RNs sign an overtime waiver and agree to a reduction in their hourly rate of pay in exchange for the assignment of additional hour; (e) failing to compensate RNs for hours spent relocating for out-of-town assignments, travel time incurred in moving from their home to their temporary residence, and hours spent traveling to and from the office, attending meetings, or completing training sessions; (f) requiring RNs to work overtime without lawful premium compensation; (g) failing to provide lawful meal and rest breaks or premium compensation in lieu thereof; (h) failing to timely pay final wages upon separation from employment; (i) failing to provide accurate, itemized wage statements; and (j) making misrepresentations to RNs regarding third party reimbursement rates to induce them to agree to a reduction in their rate of pay while remaining if Defendant's employ and refrain from seeking employment at other healthcare agencies, and reassigning RNs from cases paying standard hourly rates of pay to cases paying reduced hourly rates of pay without informing RNs that their wages had been cut, in violation of California Penal Code §§ 484 and 532 (obtaining labor by false pretenses).

111. In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and for unfair business practice within the meaning of Business & Professions Code § 17200, *et seq*.

112. As a result of Defendant's conduct, Plaintiff and the Class have been harmed as described in the allegations set forth above.

113. The actions described above, constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions

Code § 17200, *el seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendant has obtained valuable property, money and services from Plaintiff and the Class, and have deprived Plaintiff and the Class fundamental rights and privileges guaranteed to all employees under California law.

114. Defendant was unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendant over other businesses providing similar services which routinely comply with the requirements of California law.

115. Plaintiff seeks, on her own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendant by means of the acts and practices described herein.

116. Plaintiff seeks, on her own behalf, and on behalf of other Class members similarly situated, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein. Defendant's unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and all Class members in that the Defendant will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on her own behalf and on the behalf of the putative Class members, prays for judgment as follows:

        a.     Certifying this case as a collective action in accordance with 29

U.S.C. 216(b) with respect to the FLSA claims set forth above;

b.   Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

c.   Designation of Barbara Barron as Representative of all similarly situated individuals;

d.   Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

e.   Declaring that Defendant violated its obligations under the FLSA;

f.   Granting judgment in favor of Plaintiffs and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate multiplied by all hours that Plaintiffs worked in excess of forty (40) hours per week for the past three years;

A   For an order certifying the proposed California Class;

B.   For an order appointing Plaintiff as the representative of the proposed California Class;

C.   For unpaid wages and overtime wages and such general and special damages as may be appropriate;

D.   For actual, consequential and incidental damages, according to proof;

E.   For liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

F.   For statutory and civil penalties pursuant to Labor Code §§ 225.5, 226(e), 226.3, 226.7, and 2699;

G.   For waiting time wages according to proof pursuant to Labor Code §§ 203, and 256;

H.   For disgorgement and restitution to Plaintiff and other similarly effected Class members of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code § 17200 *et seq.*;

I.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business and Professions Code § 17200, *et seq.*;

J.    For an injunction prohibiting Defendant from engaging in the unfair business practices complained of herein;

K.    For an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file for restitution;

L.    For actual damages or statutory penalties according to proof as set forth in California Labor Code §§ 226 and1174, and 1WC Wage Order No. 7, § 7(A) related to record keeping;

M.    For an order requiring Defendant to show cause, if any there be, why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's employees related to same; and for an order enjoining and restraining Defendant and their agents, servants and employees related thereto;

N.    For pre-judgment interest as allowed by California Labor Code §§ 218.6, 1194 and 2802(b) and California Civil Code § 3287 and other statutes;

O.    That counsel for Plaintiff be appointed as Class Counsel;

P.    For reasonable attorneys' fees, expenses, and costs as provided by the FLSA, California Labor Code §§ 218.5, 226(e) and (g), 1194, 2699, 2802 and California Code of Civil Procedure § 1021.5; and

Q.    For such other and further relief the court may deem just and proper.

///

///

///

///

///

## JURY DEMAND

NOW COMES Plaintiff, BARBARA BARRON, by and through her Attorneys, and hereby demands a trial by jury pursuant to the court rules and statutes made and provided with respect to the above entitled cause.

Respectfully Submitted,

Dated: August 22, 2014

FINKELSTEIN & KRINSK LLP

By: _____
Jeffrey R. Krinsk, Esq. (SBN 109234)
jrk@classactionlaw.com
Mark L. Knutson, Esq. (SBN 131770)
mlk@classactionlaw.com
501 West Broadway, Suite 1250
San Diego, California 92101-3579
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

*Local Counsel for Plaintiffs*

Jason J. Thompson (MI Bar No. P47184)
jthompson@sommerspc.com
Jesse L. Young (MI Bar No. P72614)
jyoung@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300

Timothy J. Becker (MN Bar No. 256663)
tbecker@johnsonbecker.com
Jacob R. Rusch (MN Bar No. 391892)
jrusch@johnsonbecker.com
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
Telephone: (612) 436-1800
Fax: (612) 436-1801

*Trial Counsel for Plaintiffs*
*(Pro Hac Vice Pending)*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**BARBARA BARRON,** Individually and
on Behalf of All Similarly Situated People,

Plaintiffs,

vs.

**MAXIM HEALTHCARE SERVICES, INC.,**
a Maryland Corporation,

Defendant.

_____/

Case No:

Hon.

## CONSENT TO JOIN

I state that I worked as a Registered Nurse for Maxim Healthcare Services, Inc. at some point during the past three years, and during part of that time was required by Maxim Healthcare Services, Inc. to work in excess of 40 hours per week without receiving overtime compensation for the same.

I hereby consent to sue Maxim Healthcare Services, Inc. for damages including unpaid overtime premiums under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

I hereby designate Sommers Schwartz, P.C., Johnson Becker, PLLC and/or Finkelstein & Krinsk, LLP to represent me in this action.

Dated:          ____20 August_____, 2014

Signed:        _Barbara Barron_____

Name (Print):  ____Barbara

Barron_____

Address:        ___3149 Sweetwater Springs Blvd., #186 Spring Valley, CA 91978